Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
Jonathan T. Martinez (SBN 314228)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email:  mgregg@rosewaldorf.com
mskanes@rosewaldorf.com
jmartinez@rosewaldorf.com

Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.
& PIERCEY NORTH, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA MADRIGAL, an individual, HECTOR ESPINOZA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; PIERCEY NORTH INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-05303<br><br>(Removed from Santa Clara Superior Court, Case No. 21CV382732)<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant, Toyota Motor Sales, U.S.A., Inc. ("TMS") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, an action pending in the Superior Court of California, County of Santa Clara, Case No. 21CV382732 ("State Action"). Defendant states that removal of this action to this Court is proper for the following reasons:

## I.   RELEVANT PROCEDURAL HISTORY

1. On or about May 24, 2021, Plaintiffs BIANCA MADRIGAL and HECTOR ESPINOZA ("Plaintiffs") filed the State Action against Defendants (*see* Complaint, attached hereto as Exhibit "A"). Defendant TMS was first served with the Complaint on June 9, 2021. Defendant PIERCEY NORTH, INC ("PIERCEY") was first served with the Complaint on the same day. Therefore, the removal of this action is timely.

2. In the Complaint, Plaintiffs assert claims against Defendants for violations of the Song-Beverly Consumer Warranty Act and violations of the federal Magnuson-Moss Warranty Act (Counts I - IV) (*id.*).

3. Plaintiffs' claims arise from the alleged purchase of a new 2020 Toyota Tacoma, VIN: 3TMCZ5AN5LM341499 ("vehicle") and allegations that Defendants failed to conform the vehicle to the applicable warranties after a reasonable number of repair attempts (*see* Complaint).

4. Plaintiffs allege the total consideration for the subject vehicle in the amount of $61,790.00 (see Complaint ¶ 7).

## II.   BASIS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove to federal district court, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

6. Pursuant to 28 U.S.C. § 1331, a federal district court will have original jurisdiction over all "civil actions arising under the Constitution, laws or treaties of the United States."

7. Accordingly, this Court has original jurisdiction over this action because it involves claims arising under the federal Magnuson-Moss Warranty Act, 15 U.S.C § 2301, *et seq.* ("MMWA"). *See* 28 U.S.C. § 1331.

8. The MMWA states in relevant part that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000.00. *See* 15 U.S.C. § 2310(d)(3)(B).

9. State law determines the measure and type of damages that are available under the Magnuson-Moss Warranty Act. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004). The Song-Beverly Consumer Warranty Act is the appropriate state law when determining such damages. *Id*. Therefore, this Court may consider actual damages and potential civil penalties available under the Song-Beverly Warranty Act when determining the amount in controversy under the Magnuson-Moss Warranty Act. *See Luna v. BMW of North America, LLC*, 2018 WL 2328365 (S.D.Cal.2018) (holding that civil penalties under the Song-Beverly Warranty Act could be considered when determining if the $50,000 amount in controversy requirement under the Magnuson-Moss Warranty Act was met); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D.Cal.2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). In addition, this Court may also consider attorneys' fees in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D.Cal.2017) citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

10. In this action, Plaintiffs seek replacement or restitution, actual damages, incidental and consequential damages, along with civil penalties under the Song-Beverly Warranty Act of up to two times the actual damages, and attorneys' fees and costs (*see* Complaint, Prayer for Relief).

11. Plaintiffs are allegedly seeking a minimum of $42,614.16 in restitution, which is calculated as the total amount paid or payable for the vehicle ($53,113.32) (Retail Installment Contract, Line 5, attached hereto as Exhibit "B"), less a manufacturer's rebate in the amount of $1,500.00 (*see id*. Line 6(E)), less a reasonable

allowance for use in the amount of at least $6,299.16[1] and less non-recoverable GAP insurance and service contract in the total amount of $2,700.00 (*see id*. Lines 1(I),(K)). *See* Cal.Civ.Code § 1793.2(d)(2)(B). Plaintiffs' demand for a civil penalty of two times the claimed actual damages would equal $85,228.32. Taken together, Plaintiffs' claim for actual damages and a civil penalty of two times that amount equals $127,842.48, which far exceeds the $50,000 threshold, even before considering unspecified incidental and consequential damages, or attorneys' fees and costs.

12. Based upon the foregoing, this Court has jurisdiction over this matter.

13. Moreover, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Specifically, Plaintiff's claims under the MMWA and the Song-Beverly Consumer Warranty Act are all based upon the same allegations that Defendants failed to conform the vehicle to the applicable warranties after a reasonable number of repair attempts. Accordingly, this Court has jurisdiction over Plaintiffs' state law claims because such claims are derived from the same common nucleus of factual allegations and thus, are part of the same case or controversy as Plaintiffs' claims under the federal MMWA. *See* 28 U.S.C. § 1367(a).

### III.   ALL REMOVAL REQUIREMENTS HAVE BEEN MET

14. Defendant TMS was first served with the Complaint on June 9, 2021; Defendant PIERCEY was first served with the Complaint on the same day. Therefore, Defendant has timely filed this Notice of Removal within thirty days after receiving Plaintiffs' Complaint. *See* 28 U.S.C. § 1446(b).

15. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, Defendant PIERCEY consents to the removal.

---

[1] Defendant anticipates that Plaintiffs will allege the first alleged repair attempt occurred at 16,649 miles (less 4 miles at delivery).

16. Along with the filing of this Notice of Removal, Defendant is providing written notice to all parties of record of the removal and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of Santa Clara County, California, pursuant to 28 U.S.C. § 1446(d).

17. A copy of Defendant TMS' Answer is attached hereto as Exhibit "C." A copy of Defendant PIERCEY's Answer is attached hereto as Exhibit "D." Defendants' state that no other state court process, pleadings, orders or papers have been served upon Defendants, other than those pleadings and papers attached hereto.

18. This Court embraces the county and court in which the State Action was initially filed. *See* 28 U.S.C. 84(b). Therefore, this action is properly removed to this Court.

19. This action is being removed by Defendant, Toyota Motor Sales, U.S.A., Inc.

WHEREFORE, Defendant TMS respectfully request that this matter, currently pending in the Superior Court of Santa Clara, California, be removed to this Court.

Dated: July 9, 2021         **ROSEWALDORF LLP**

By:  */s/ Mark W. Skanes*
Michael J. Gregg
Mark W. Skanes
Jonathan T. Martinez
Attorneys for Defendants,
TOYOTA MOTOR SALES, U.S.A., INC.
and PIERCEY NORTH, INC.