# EXHIBIT A



# Service of Process Transmittal
06/09/2021
CT Log Number 539701728

**TO:** Lola Waldrum
Toyota Legal One
6565 HEADQUARTERS DR, MAIL DROP W1-5C
PLANO, TX 75024-5965

**RE:** **Process Served in California**

**FOR:** Toyota Motor Sales, U.S.A., Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BIANCA MADRIGAL, ETC. AND HECTOR ESPINOZA, ETC., PLTFS. vs. Toyota Motor Sales, U.S.A., Inc., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21CV382732 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2021 at 12:20 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2021, Expected Purge Date: 06/14/2021 |
| | Image SOP |
| | Email Notification, Dawn Pittman Collins  dawn.pittman@toyota.com |
| | Email Notification, Lola Waldrum  lola.waldrum@toyota.com |
| | Email Notification, Serena Stout  serena.stout@toyota.com |
| | Email Notification, Robynann Callahan  robynann.pelina.callahan@toyota.com |
| | Email Notification, Shawn Wilson  shawn.wilson@toyota.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)



# Service of Process Transmittal
06/09/2021
CT Log Number 539701728

**TO:** Lola Waldrum
Toyota Legal One
6565 HEADQUARTERS DR, MAIL DROP W1-5C
PLANO, TX 75024-5965

**RE:** **Process Served in California**

**FOR:** Toyota Motor Sales, U.S.A., Inc.  (Domestic State: CA)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 9, 2021

**Server Name:** Bernadette Torres

| Entity Served | TOYOTA MOTOR SALES, U.S.A., INC. |
|---|---|
| Case Number | 21CV382732 |
| Jurisdiction | CA |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation;
PIERCEY NORTH, INC., a California Corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BIANCA MADRIGAL, an individual, HECTOR ESPINOZA, an individual

E-FILED
5/24/2021 10:48 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV382732
Reviewed By: M. Dominguez
Envelope: 6504448

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara Superior Courthouse
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
21CV382732

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeeho H. Lim, Esq. (SBN 297365)        (562)424-3293
Consumer Legal Services, P.C.
2330 Long Beach Blvd., Long Beach, CA 90806

DATE: 5/24/2021 10:48 AM    Clerk of Court    Clerk, by    M. Dominguez    , Deputy
*(Fecha)*                                      *(Secretario)*                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | |
|---|---|---|
| Jeeho H. Lim, Esq. (SBN 297365)<br>Consumer Legal Services, P.C.<br>2330 Long Beach Blvd.<br>Long Beach, CA 90806<br>TELEPHONE NO.: (562)424-3293   FAX NO.: (562)595-1849<br>ATTORNEY FOR (Name): Bianca Madrigal, et al. | | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/24/2021 10:48 AM<br>Reviewed By: M. Dominguez<br>Case #21CV382732<br>Envelope: 6504448 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
  STREET ADDRESS:  191 North First Street
  MAILING ADDRESS:  191 North First Street
  CITY AND ZIP CODE:  San Jose, 95113
  BRANCH NAME:  Santa Clara Superior Courthouse

CASE NAME:
Bianca Madrigal, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21CV382732 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [X] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FOUR
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5-21-2021

Jeeho H. Lim, Esq.
(TYPE OR PRINT NAME)                                    ► _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

21CV382732
Santa Clara – Civil

D Harris

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: ___21CV382732___

> **PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms:  www.scscourt.org

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: ___Rudy, Christopher G___  Department: _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: ___10/05/2021___  Time: __2:15 pm__  in Department: __07__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____  Time: _____  in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

E-FILED
5/24/2021 10:48 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV382732
Reviewed By: M. Dominguez
6504448

**CONSUMER LEGAL SERVICES, P.C.**
Christopher M. Lovasz, Esq. (SBN 303120)
Jeeho H. Lim, Esq. (SBN 297365)
2330 Long Beach Boulevard
Long Beach, California 90806
Telephone: (562) 424-3293
Facsimile: (562) 595-1849

Attorneys for Plaintiffs,
BIANCA MADRIGAL and HECTOR ESPINOZA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| BIANCA MADRIGAL, an individual, HECTOR ESPINOZA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; PIERCEY NORTH, INC., a California Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.:   21CV382732 <br><br> Assigned for all purposes to: <br> Dept.: <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.** <br><br> 2. **Breach of Express Warranty under the Song-Beverly Warranty Act.** <br><br> 3. **Breach of Express Warranty under the Magnuson-Moss Warranty Act.** <br><br> 4. **Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act.** <br><br> **JURY TRIAL DEMANDED** |

1

PLAINTIFFS BIANCA MADRIGAL and HECTOR ESPINOZA hereby allege and complain as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiffs are individuals, residing in the City of San Jose, County of Santa Clara, in the State of California.

2. Defendant TOYOTA MOTOR SALES, U.S.A. (hereinafter referred to as "Manufacturer") is a corporation doing business in the County of Santa Clara, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Toyota motor vehicles and related equipment.

3. Defendant PIERCEY NORTH, INC. (hereinafter referred to as "Seller") is a corporation doing business in the County of Santa Clara, State of California, and, at all times relevant herein, a Manufacturer-authorized agent engaged in the business of selling/leasing and servicing and repairing Manufacturer's vehicles.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiffs as herein alleged.

5. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiffs are informed and believe, and thereon allege, that in

doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

6. Before March 29, 2020, Defendants, Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new **2020 Toyota Tacoma, VIN: 3TMCZ5AN5LM341499** (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

7. On or about March 29, 2020, Plaintiffs purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of $61,790.00. Retail Installment Sale Contract is in the possession of Defendants.

8. The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9. Along with the purchase of the Vehicle, Plaintiffs received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the

utility of the Vehicle for three years or 36,000 miles basic warranty, five years or 60,000 miles drive train warranty, and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

10. Plaintiffs have duly performed all the conditions on Plaintiffs' part under the purchase agreement and under the express and implied warranties given to Plaintiffs, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

11. Plaintiffs have delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on several separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair Orders/Invoices are in the possession of Defendants.

12. By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiffs' Vehicle include the following: fluid leaks, gasket replacement, torque converter replacement, bolts replacement, fly wheel replacement, transmission defects, and shifting concerns, among other concerns.

13. Each time Plaintiffs delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiffs notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

///

///

14. Each time Plaintiffs delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiffs that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

### FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all Defendants)

15. Plaintiffs reallege each and every paragraph (1-14) and incorporates them by this reference as though fully set forth herein.

16. The distribution and sale of the Vehicle was accompanied by the Manufacturer and Seller's implied warranty that the Vehicle was merchantable.

17. Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiffs.

18. As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under

the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiffs.

19. Upon discovery of the Vehicle's nonconformities, Plaintiffs took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiffs have sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate. Plaintiffs will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

21. As a further result of the actions of Defendants, and each of them, Plaintiffs have sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiffs will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

22. As a further result of the actions of Defendants, and each of them, Plaintiffs have sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

23. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Song-Beverly, Plaintiffs, in addition to their other remedies, is entitled to the recovery of their attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against all Defendants)

24. Plaintiffs reallege each and every paragraph (1-23) and incorporates them by this reference as though fully set forth herein.

25. The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiffs.

26. Plaintiffs delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

27. Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

28. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiffs, thereby breaching Defendants' obligations under Song-Beverly.

29. Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

///

///

///

30. As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiffs are entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiffs' election, plus prejudgment interest thereon at the legal rate. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

31. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiffs have sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiffs will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

32. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Song-Beverly, Plaintiffs, in addition to other remedies, is entitled to the recovery of their attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## THIRD CAUSE OF ACTION

(Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants)

33. Plaintiffs reallege each and every paragraph (1-32) and incorporates them by this reference as though fully set forth herein.

34. Plaintiffs are "Consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

35. The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36. The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

37. The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

38. The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

39. The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

40. The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

41. The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

42. As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiffs have suffered damages as set forth herein. Therefore, Plaintiffs are entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiffs and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiffs for the Vehicle; (3) Cancellation of Plaintiffs' retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys'

fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

### FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants)

43. Plaintiffs reallege each and every paragraph (1-42) and incorporates them by this reference as though fully set forth herein.

44. The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

45. As a direct result of the Seller's acts and/or omissions, Plaintiffs have suffered damages as set forth herein. Therefore, Plaintiffs are entitled to judgment against all Defendants declaring acceptance has been properly revoked by Plaintiffs and for damages incurred in revoking acceptance, for a refund of the purchase price paid by Plaintiffs for the Vehicle, for cancellation of Plaintiffs' retail installment contract and for payment in full by Defendants and all of them on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorneys' fees reasonably incurred, and such other relief the Court deems appropriate.

///
///
///
///
///
///

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

A. For replacement or restitution, at Plaintiff's election, according to proof;

B. For incidental damages, according to proof;

C. For consequential damages, according to proof;

D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E. For actual attorney's fees, reasonably incurred;

F. For costs of suit and expenses, according to proof;

G. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I. For pre-judgment interest at the legal rate;

J. Such other relief the Court deems appropriate.

Date: 5-21-2021

Respectfully submitted,
**CONSUMER LEGAL SERVICES, P.C.**

By: _____

Christopher M. Lovasz, Esq.
Jeeho H. Lim, Esq.
Attorneys for Plaintiffs,
BIANCA MADRIGAL and
HECTOR ESPINOZA