EXHIBIT C

```
1  Michael J. Gregg (SBN 321765)
   Mark W. Skanes (SBN 322072)
2  Jonathan T. Martinez (SBN 314228)
   ROSEWALDORF LLP
3  100 Oceangate, Suite 300
   Long Beach, California 90802
4  Telephone:    (518) 869-9200
   Facsimile:    (518) 869-3334
5  Email:  mgregg@rosewaldorf.com
           mskanes@rosewaldorf.com
6          jmartinez@rosewaldorf.com

7  Attorneys for Defendant, TOYOTA MOTOR SALES U.S.A., INC.
   & PIERCEY NORTH, INC.
8
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| BIANCA MADRIGAL, an individual, HECTOR ESPINOZA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; PIERCEY NORTH INC., a California Corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 21CV382732 <br><br> Assigned for all purposes to: <br> *Hon. Christopher G. Rudy, Dept. 7* <br><br> **DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> Action Filed:  May 24, 2021 <br> Trial Date:    Unassigned |

Defendant, TOYOTA MOTOR SALES, U.S.A., INC. ("TMS") hereby responds to the Complaint of Plaintiffs, BIANCA MADRIGAL and HECTOR ESPINOZA ("Plaintiffs") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies each and every allegation in the Complaint and further denies that Plaintiffs have been damaged in any sum whatsoever.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Mitigation)

Defendant is informed and believes and thereon alleges that Plaintiffs' alleged damages, if any, are the result, in whole or in part, of Plaintiffs' failure to exercise reasonable care to reduce or mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action thereof, is barred by the application of the statute of limitations set forth in California Code of Civil Procedure sections 337(1), 337(3), 338(a), 339(a), 339(3), 340(a), 343, Commercial Code section 2725 and/or any other statute of limitations applicable to the present action.

## FOURTH AFFIRMATIVE DEFENSE

### (Misuse of Subject Vehicle)

Any and all injuries, if any, and damages, if any, sustained or suffered by Plaintiffs was or were directly and proximately caused and contributed to by the misuse of and the unreasonable and improper use of the subject vehicle. Further, the misuse or failure to use properly the subject vehicle contributed to the loss, injury, damage or detriment, if any, alleged in the Complaint and the damages, if any, recoverable by Plaintiffs herein must be diminished in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

## FIFTH AFFIRMATIVE DEFENSE

### (Alteration of Subject Vehicle)

The subject vehicle was not in a defective or unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any damage to the subject vehicle was caused and created by changes and alterations made to the subject vehicle, subsequent to the time of the subject vehicle's manufacture and/or sale, by persons other than defendant or any of their agents, servants or employees, barring Plaintiffs' recovery herein.

///

### SIXTH AFFIRMATIVE DEFENSE

(Disclaimer)

Defendant is informed and believes and thereon alleges that prior to and at the time of the alleged acts, omissions and conduct of Defendant as alleged in the Complaint, Defendant expressly disclaimed, negated and excluded all warranties of the type herein alleged by Plaintiffs, and or any type, express or implied, whatsoever.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Statutory Requirements)

Defendant is informed and believes, and thereon alleges, that the claims alleged against Defendant in the Complaint are barred by the failure of Plaintiffs to comply with the applicable statutory requirements before filing this action.

### EIGHTH AFFIRMATIVE DEFENSE

(Not Intended Use)

Any and all damages, if any, sustained or suffered by Plaintiffs was or were proximately caused and contributed to by the use of the subject vehicle for a purpose for which it was not intended to be used. Plaintiffs knew, or should have known, that the subject vehicle was not used in a manner for which the subject vehicle was manufactured or intended, and that such unintended use could cause damage to Plaintiffs. Plaintiffs' recovery must be barred or reduced in proportion to the amount attributable to the Plaintiffs' use of the subject vehicle in an unintended manner.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Perform Maintenance)

Plaintiffs' damages, if any, were the direct and proximate result of the conduct of Plaintiffs and/or Plaintiffs' agents, employees or representative, in that they negligently, carelessly, recklessly, knowingly, and willfully operated, maintained, and serviced the subject vehicle which is the subject of this lawsuit and/or directed and controlled all operations and maintenance of said subject vehicle. Plaintiffs' damages, if any, were directly and proximately caused, in whole or in part and/or were contributed to or aggravated by the conduct of Plaintiffs and/or Plaintiffs' agents, employees or

representatives, when they so negligently, carelessly, recklessly, knowingly and willfully failed to repair the said subject vehicle, knowing that said subject vehicle needed repair, but, instead proceeded to operate, and otherwise make use of the subject vehicle and/or make improper and inadequate repairs to said subject vehicle. Plaintiffs' right to recovery should be barred or reduced by an amount equivalent to such percentage of fault.

### TENTH AFFIRMATIVE DEFENSE

#### (No Consequential Damages)

Defendant, in response to the Complaint and each of its causes of action, states that Plaintiffs' claims for consequential damages are specifically barred by the terms of the warranty in question and applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Privity)

Plaintiffs and Defendant were not in privity of contract wherefore Plaintiffs may not obtain the requested relief from Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Release)

Defendant is informed and believes, and thereon alleges that Plaintiffs have released Defendant from any and all claims, including those raised in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Qualified Third-Party Dispute Resolution Process)

Defendant maintains a qualified third-party dispute resolution process, which substantially complies with section 1793.22 of the California Civil Code. Defendant is informed and believes, and thereon alleges, Plaintiffs received timely and appropriate notification of the availability of the third-party resolution process. Accordingly, since Plaintiffs did not avail himself of the third-party dispute resolution process prior to filing this litigation, section 1794(e)(2) of the California Civil Code affirmatively bars Plaintiffs from recovering damages for (i) attorney's fees, (ii) costs, and (iii) treble damages (as provide under California Civil Code section 1794(e)) and Plaintiffs cannot avail himself of

the rebuttable presumption pursuant to California Civil Code section 1793.22(b). Defendant's qualified third-party dispute resolution process also complies with 15 U.S.C. 2310(a), and Plaintiffs' failure to participate in the process precludes relief under the Magnuson-Moss Warranty Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs recover nothing by way of the Complaint;
2. That the present action be dismissed with prejudice;
3. That judgment be entered in favor of Defendant for attorney's fees and costs of suit; and
4. For such other and further relief as the Court may deem just and proper.

Dated: July 9, 2021

**ROSEWALDORF LLP**

By: _____
Michael J. Gregg
Mark W. Skanes
Jonathan T. Martinez
Attorneys for Defendant,
TOYOTA MOTOR SALES, U.S.A., INC. & PIERCEY NORTH, INC.

## PROOF OF SERVICE

*Bianca Madrigal, an individual, and Hector Espinoza, an individual v. Toyota Motor Sales, U.S.A., Inc. a California Corporation; Piercey North Inc., a California Corporation; and Does 1 through 20 inclusive,*
Santa Clara County Superior Court, Case No. 21CV382732

I, the undersigned, am over the age of 18 and am not a party to the within action. My business address is 100 Oceangate, Suite 300, Long Beach, California 90802. On the date below, I served the following document(s) described as:

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

To the following party or parties in this matter:

| | |
|---|---|
| Christopher M. Lovasz<br>Jeeho H. Lim<br>Consumer Legal Service, P.C.<br>2330 Long Beach Blvd.<br>Long Beach, CA 90806<br>Phone: (562) 424-3293<br>Fax: (562) 595-1849<br>Email: jlim@lemonauto.com;<br>bmontes@lemonauto.com | **Attorney for Plaintiffs** |

☐ **BY PERSONAL SERVICE:** I caused the foregoing document(s) to be personally delivered to the above addressee(s) by One Legal, LLC via a registered process server pursuant to C.C.P. § 1011.

☐ **BY U.S. MAIL:** By enclosing the foregoing document(s) in a sealed envelope to the addressee(s) above and, under the firm's ordinary course of business, placing said envelope(s) for pick-up and mailing pursuant to C.C.P. § 1013. I am readily familiar with the firm's practice for collection and processing of outgoing mail. Under that practice, the outgoing mail is deposited with the U.S. Postal Service on the same day as collected, with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the foregoing documents in a sealed envelope or package to the addressee(s) listed above and placed said envelope or package for pick-up for overnight delivery via UPS under the firm's ordinary course of business. I am familiar with the firm's practice of collecting and processing documents for overnight delivery via UPS. Under that practice, the envelope or package would be deposited for pick up by an authorized UPS courier or driver that same day and delivered to the addressee(s) the following business day pursuant to C.C.P. § 1013.

☒ **BY ELECTRONIC SERVICE/EMAIL:** I electronically filed the document(s) with this Court using the Court's designated electronic filing service provider, which sent notification of that filing to the person(s) listed above to accept service by electronic transmission, and/or I caused the document(s) to be transmitted via electronic mail to the addressees as listed above pursuant to C.C.P. § 1010.6 and 1013(g), Cal. Rule of Court 2.251, and/or agreement or stipulation between the parties.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Dated: July 9, 2021

_____
Claire Waldvogel